# COURT MINUTES OF FINAL PRETRIAL CONFERENCE

ALLOC, INC., a Delaware corporation,
BERRY WOOD S.A., a French company,

       Plaintiffs,

       v.

PERGO, INC., a Delaware corporation,
PERGO AB, a Swedish company,

       Defendants.

Case No. 02-C-0736

PERGO, INC., and PERGO (EUROPE) AB,

       Plaintiffs,

       v.

ALLOC, INC., ARMSTRONG WORLD
INDUSTRIES, INC. and BERRY FINANCE NV,

       Defendants.

## HON. J. P. STADTMUELLER PRESIDING

| | |
|---|---|
| DATE: November 8, 2007 | TIME SCHEDULED: 1:30 p.m. |
| LAW CLERK: Greg Feldkamp | TIME CALLED: 1:32 p.m. |
| COURT REPORTER: Cindy Bohman | TIME FINISHED: 2:25 p.m. |
| INTERPRETER: N/A | |

ALLOC, INC., BERRY WOOD S.A., and ARMSTRONG WORLD INDUSTRIES, INC. by:

    Daniel J. O'Connor, David I. Roche, James J. Dries, D. Scott Sudderth

PERGO, INC. and PERGO (EUROPE) AB by:

    Douglas R. Nemec, Edward V. Filardi, S. Edward Sarskas

Notes:

1:32 p.m.  Appearances
1:33 Court states that Tuesday and Thursday of the second week of trial will be interrupted by scheduled criminal matters; therefore, in this case, the parties must complete the trial within 8 trial days

1:33 Court states that it will bifurcate the inequitable conduct issue; the court will not bifurcate liability and damages
1:34 Court states that the issues presented in this case may be challenging for the jury to understand and that the court will minimize the likelihood of juror confusion by allowing Pergo to present its proof of infringement before Alloc presents its proof relating to its affirmative defenses
1:36 Court states that the jury will consist of 12 members, and all members will deliberate if they remain at the end of the trial; the jurors will be allowed to take notes, the jurors will be able to tender written questions of witnesses after examinations, and counsel and the court will confer at side bar regarding the juror's questions that will be asked
1:40 Court states that it will reserve ruling upon the motions in limine regarding Pergo's motion to bar Alloc's expert witnesses; the court is still currently awaiting Alloc's response briefs
1:41 Court states that other judges in the district currently have criminal jury trials scheduled for the first day of trial, and those judges would have priority over the jury panel
1:42 Jury questionnaires will be available on the Wednesday before Thanksgiving; jurors will enter the courtroom in randomized order; if there are follow-up voir dire questions of individual jurors, the questioning will take place in the jury room outside the presence of the other jurors; the court rather than the attorneys will ask the voir dire questions
1:45 Court states that counsel must exchange all exhibits prior to trial, all exhibits must be pre-marked
1:45 Court states that some issues remain regarding jury instructions and jury verdicts; at this point, the court prefers Pergo's verdict form but would revise the form to require the jury foreperson to write "yes" or "no" rather than check a box
1:48 Court states that the court will make rooms available for counsel within the courthouse
1:49 Court states that the trial day will run from 8:30 a.m.-6:00 p.m., 30 minutes for lunch, 15 minute breaks in the morning and in the afternoon
1:50 Court states that the number of criminal matters scheduled during the second week of trial prevented the court from moving the trial in this action and accommodating the parties' earlier request to adjourn the trial
1:52 Mr. O'Connor states that Alloc will file responses to Pergo's motions by next Wednesday; Alloc will file separate motions in limine; the parties are aware of the local limits concerning the use of deposition transcripts at trial; because some witnesses are in Europe and some witnesses are no longer under the control of the parties, exceeding the page limits on deposition transcripts is necessary in this case
1:54 Court states that the parties should ideally distill the deposition transcripts to an agreed statement of facts; from the court's previous experience, jurors do not care to listen to a dry reading of a deposition transcript or even watching videotaped depositions
1:56 Court suggests that if a proceeding concerning inequitable conduct becomes necessary, the parties may consider requesting a special master to decide the issue
1:57 Court asks the parties whether the parties have investigated a global settlement
1:57 Mr. O'Connor states that the parties went through an extensive mediation more than one year ago, but the parties were unable to reach resolution; many discussions took place between the principals in this case
2:03 Mr. O'Connor asks about peremptory challenges; the court states that each side is usually permitted three peremptory challenges, but the court is not opposed to giving each side one or two extra strikes; the parties may confer and reach an agreement regarding peremptory strikes
2:05 Court states that the courtroom does not have any available technology in the courtroom, but the court indicates that it believes that the trial works better when the parties are familiar with and provide their own technology; the parties may consider coordinating their use of technology
2:07 Mr. O'Connor states that they will work with opposing counsel and asks whether they may set up equipment on the Wednesday before trial
2:07 Court states that the parties may set up their equipment Wednesday afternoon

2:09 Court directs the court security officer to show the parties the available conference rooms
2:10 Mr. Filardi introduces one of Pergo's principals, states that some witnesses are coming from Europe; Mr. Filardi suggests that all testimony involving witnesses traveling from Europe be completed at one time
2:11 Court states that the lawyer who conducts direct examination of a witness must also handle objections during cross-examination; there will be no tag-teams during any examination
2:12 Mr. Filardi states that the parties will confer each day during trial regarding the witnesses and exhibits that will be presented for the next day
2:14 Mr. Filardi states that he expects opening and closings to last no longer than one hour, and the parties shall exchange exhibits to be used during opening statements on the Sunday before trial begins
2:15 Court states that the parties may present exhibits during opening statement even though not yet admitted so long as there is a good faith belief that the exhibit will be admitted; the court recommends that the parties share exhibits with opposing counsel prior to using them
2:17 Mr. Filardi states that it was Pergo's understanding that all motions in limine were required to be already filed; Mr. Filardi states that Alloc's counsel presented a wooden floor panel to him shortly before the final pretrial conference began, that he has never seen the panel before, and that he intends to file another motion in limine regarding the panel
2:19 Mr. Filardi asks whether the court will read its claim construction during the pre-trial instructions
2:20 Court states that the claim construction will be presented to the jury during the pre-trial instructions
2:21 Mr. O'Connor states that he will confer with Mr. Filardi regarding the wooden floor panel that Mr. Filardi mentioned
2:23 Court states that it is available to assist the parties before and during trial; the court states that the building opens at 8:00 a.m. and closes at 5:30 p.m.
2:25 Court stands in recess