UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

ALLOC, INC., a Delaware corporation,
BERRY WOOD S.A., a French company,

       Plaintiffs,

   v.

PERGO, INC., a Delaware corporation,
PERGO AB, a Swedish company,

       Defendants.
_____   Case No. 02-C-0736

PERGO, INC., and PERGO (EUROPE) AB,

       Plaintiffs,

   v.

ALLOC, INC., ARMSTRONG WORLD
INDUSTRIES, INC. and BERRY FINANCE NV,

       Defendants.
_____

## ORDER

Alloc, Inc., Berry Wood S.A., and Armstrong World Industries, Inc. (collectively, "the Alloc Parties") and Pergo, Inc. and Pergo AB (collectively, "Pergo") have filed a number of motions *in limine*, and those that are fully briefed will be addressed in the balance of this order.[1]

---

[1] As of the date of this order, there are ten pending motions *in limine* and three related motions to seal: Docket #'s 147, 149, 150, 153, 154, 155 (motion to seal), 163, 166, 167, 168, 171, 172 (motion to seal), and 181 (motion to seal). At the November 8, 2007 final pretrial conference, the court granted Pergo's motion to set the order of proof (docket # 147). On November 14, 2007, the Alloc Parties agreed not to present the testimony of Dr. Otto Suchsland (*see* docket # 169), rendering moot Pergo's motion *in limine* (docket # 150).

**The Alloc Parties' motion to preclude Pergo from referring to the "presumption of validity" (docket # 168)**

The Alloc Parties move for an order precluding Pergo from referring to the "presumption of validity" of the asserted patent claims during opening statement and presumably during the entire trial. The Alloc Parties also object to a proposed post-trial jury instruction pertaining to the "presumption of validity." (*See* Pretrial Report Ex. H Proposed Instruction 32.)[2] As the Alloc Parties note, "[t]he presumption of validity is a procedural device that assigns the burden of proof on validity." (Alloc Parties' Motion in Limine No. 2 at 3, Nov. 14, 2007) (citing *Avia Group Int'l, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1562 (Fed. Cir. 1988)). "[T]he presumption of validity and heightened burden of proving invalidity 'are static and in reality different expressions of the same thing - a single hurdle to be cleared.'" *Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247, 1258 (Fed. Cir. 2004) (citations omitted). The Alloc Parties do not dispute that they have the burden of proving by clear and convincing evidence that each claim is invalid. (*See* Pretrial Report Ex. H Proposed Instruction 33.) They merely argue that a separate jury instruction

---

Because the court bifurcated the issue of inequitable conduct at the November 8, 2007 final pretrial conference, the court need not resolve Pergo's motion regarding the Aoki reference (docket # 149) until the court conducts a bench trial on inequitable conduct, if that trial becomes necessary. Therefore, the only remaining motions that are fully briefed are docket #'s 153, 154, and 168.

[2] Proposed Instruction 32 reads: "Presumption of Validity: An issued patent is presumed valid, and therefore the party challenging the validity of that patent must prove that the patent is invalid by clear and convincing evidence."

2

pertaining to the "presumption of validity" is unnecessary and that the phrase may confuse the jury.

This motion *in limine* is inconsequential. There is little danger of jury confusion over the phrase "presumption of validity" if the jury is simply instructed that the phrase means that the Alloc Parties have the burden of proving by clear and convincing evidence that each claim is invalid. Nevertheless, the court will omit Proposed Instruction 32 because it is redundant with Proposed Instruction 33, and Pergo's meager defense of the instruction does not suggest otherwise. (*See* Pretrial Report Ex. J at 5, Nov. 1, 2007.) In the interest of making concepts as clear to the jury as possible, the court will direct that the parties refrain from referring to the "presumption of validity," since the parties may refer to the same concept as the Alloc Parties' burden of proof. If an attorney inadvertently refers to a "presumption of validity" during trial and some party believes that the jury may be confused by the phrase, the party may remedy any potential confusion in its opening statement, examination of the witness, or closing argument by reiterating the Alloc Parties' undisputed burden of proof regarding the alleged invalidity of the asserted patent claims.

**Pergo's motion to preclude Charles E. Bayha from testifying (docket # 153)**

On May 15, 2007, the Alloc Parties filed a motion for summary judgment, arguing, *inter alia*, that claims 7-20 of the '970 patent are invalid. The Alloc Parties argued that the claims only have a filing date of August 11, 2000, the date when the

3

claims first incorporated the limitation of "UV-curing resins." The Alloc Parties argued that their "Fiboloc" product was on sale more than one year before August 11, 2000. Pergo responded that "UV-curing resin" is "supported by the disclosure of 'thermosetting resin' that appeared in the '778 grandparent application." (Pergo Br. 27, Jul. 2, 2007.) In its reply brief, the Alloc Parties submitted the Declaration of Dr. Charles E. Bayha who opined that there are significant differences between thermosetting resins and UV-curing resins. (*See* the Alloc Parties' Reply Br. Ex. HH, filed on Jul. 23, 2007.) Pergo moves to preclude Bayha from testifying at trial because Bayha's declaration is neither a timely nor a sufficient expert report under Federal Rule of Civil Procedure 26(a)(2).

Regrettably, none of the expert reports that the parties disclosed to each other were timely. The expert disclosures "shall be made at the times and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2)(C). The court granted the parties numerous enlargements of time to conduct expert discovery, but the deadlines currently in effect were set in the court's July 10, 2006 order. According to the court-approved deadlines, the parties were to exchange expert reports on February 24, 2007, one month after the court issued its second claim construction order; responsive expert reports should have been exchanged on March 24, 2007; and discovery should have been completed by April 24, 2007. The parties apparently appreciated the significance of these deadlines because, on February 22, 2007, they filed yet another request to enlarge the time to conduct expert discovery.

4

On February 27, 2007, the court denied the parties' request, stating that it would no longer provide the parties with a safe harbor to protract their dispute. Therefore, all parties in this action willfully disregarded the court's order. From disclosures set forth in the parties' briefs it appears that they selected June 15 and August 3 as expert report deadlines and were conducting discovery in late October, approximately one month before trial.

Requesting sanctions is a very risky strategy when all parties should be held in contempt. Pergo offers no explanation as to why this court should police deadlines that the parties established in direct contravention of a court order. Pretending for the moment that June 15 and August 3 are legitimate deadlines, Bayha's declaration was not timely. It should have been submitted with the initial reports, and it should have been labeled an expert report. In its May 15, 2007 brief, the Alloc Parties anticipated that Pergo would argue that thermosetting resins were similar to, or the same as, UV-curing resins. (*See* Alloc Parties' Br. 28, May 15, 2007.) The Alloc Parties bear the burden of proving invalidity. Therefore, it should have produced Bayha's declaration as an expert report on June 15. However, anticipating a possible argument is different than rebutting an actual argument, and Pergo's argument in its July 2, 2007 brief, put the Alloc Parties on notice that Bayha's testimony was necessary to their invalidity analysis. The necessity of Bayha's testimony became certain, rather than probable, only after July 2, 2007, when Pergo filed its brief. Although Pergo argues that Bayha does not adequately

5

explain the basis for his opinions in his declaration, the court finds that Bayha's declaration substantially complies with the Fed. R. Civ. P. 26(a)(2)(B) requirements of expert reports: he disclosed the compensation paid for his testimony; he provided a statement that he has not testified as an expert within the last four years; he provided a resume; and he provided a statement of his opinions with some related analysis. The parties' briefs reveal that Pergo had the opportunity to depose Bayha, as it scheduled and then cancelled Bayha's deposition. Considering the totality of these circumstances, the court will exercise its discretion to allow Bayha to testify at trial.

**Pergo's motion to preclude Julie L. Davis from testifying (docket # 154)**

Pergo moves to preclude Julie L. Davis from testifying at trial on the issue of damages. Pergo argues that Davis improperly considered Pergo's mediation brief and numerous documents that were not provided to Pergo.

The Alloc Parties disclosure of Pergo's mediation brief to Davis causes no prejudice to Pergo. As the Alloc Parties note, there is no confidential information in Pergo's brief that Alloc was not free to disclose to Davis. (*See* Alloc Parties' Br. 9, Nov. 14, 2007.) By remaining silent on this issue in its reply brief, Pergo concedes this point. Moreover, Davis has stated that she never read the document. (*See* Pergo's Br. Ex. J at 13:10-12, filed under seal on Nov. 7, 2007.) Pergo suspects that Davis lied, but Pergo's suspicion does not demonstrate prejudice.

6

With respect to the documents that were not provided to Pergo, the court directs that the Alloc Parties furnish the subject documents to Pergo forthwith. Pergo argues that its "sole objective has been to obtain copies of the Unilin documents that Ms. Davis extensively relied upon in forming her opinions." (Pergo's Br. 2, Nov. 18, 2007.) However, Pergo has never moved to compel production of these documents, perhaps due to the parties' gross delay in completing their discovery obligations.[3] The parties, including Pergo, should have completed discovery long ago, and the short period of time between the production of these documents and trial is, in part, Pergo's fault. If Pergo receives the documents, Pergo will have a fair opportunity to cross-examine Davis. The parties suggest that Alloc may not produce the documents without violating protective orders issued in other cases, but the parties have not created a record which would allow this court to make that determination.

**Motions to seal (docket #'s 155, 177, 181)**

Pergo moved to file under seal its motion to preclude Julie L. Davis from testifying as well as supporting Exhibits A, H, and J. Pergo states that the documents contain information designated as "restricted information" by the Alloc Parties pursuant to the August 27, 2003 protective order. The Alloc Parties also filed motions for leave to file documents under seal (*see* docket #'s 172, 181). Neither Pergo nor the Alloc Parties have supported the motions to seal with legal

---

[3]Davis' deposition was taken on October 24, 2007, less than one month ago.

7

memoranda or with any demonstration that the documents at issue contain information that must be shielded from public view. The court issued decisions earlier this year that put the parties on notice that it would deny motions to seal if the parties failed to demonstrate good cause for doing so. (*See* Order 2-3, Feb. 27, 2007; Order 16-17, Jan. 24, 2007.) Therefore, the court will deny the pending motions to seal and, at the same time, directs the parties to refrain from filing motions to seal unless those motions are adequately supported, both factually and legally.

Accordingly,

**IT IS ORDERED** that Pergo's motion to set the order of proof (docket # 147) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Pergo's motion to preclude Dr. Otto Suchsland from testifying (docket #150) be and the same is hereby **DENIED as moot;**

**IT IS FURTHER ORDERED** that the Alloc Parties' motion to preclude Pergo from referring to the "presumption of validity" (docket # 168) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Pergo's motion to preclude Charles E. Bayha from testifying (docket # 153) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Pergo's motion to preclude Julie L. Davis from testifying (docket # 154) be and the same is hereby **DENIED**;

8

**IT IS FURTHER ORDERED** that the pending motions to seal (docket #'s 155, 172, 181) be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin on November 21, 2007.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge