_____

ALLOC, INC., a Delaware corporation,
BERRY WOOD S.A., a French company,

        Plaintiffs,

      v.

PERGO, INC., a Delaware corporation,
PERGO AB, a Swedish company,

        Defendants.
_____    Case No. 02-C-0736

PERGO, INC., and PERGO (EUROPE) AB,

        Plaintiffs,

      v.

ALLOC, INC., ARMSTRONG WORLD
INDUSTRIES, INC. and BERRY FINANCE NV,

        Defendants.
_____

# ORDER

     Alloc, Inc., Berry Wood S.A., and Armstrong World Industries, Inc. (collectively, "the Alloc Parties") and Pergo, Inc. and Pergo AB (collectively, "Pergo") filed several motions *in limine* before and during a jury trial that began on November 26, 2007, and ended on December 13, 2007. On November 21, 2007, the court issued an order resolving some of those motions. In this order, the court will resolve the parties' motions *in limine* that remain pending, and the court will explain more fully the basis for the evidentiary rulings made during trial.

On Tuesday, November 27, 2007, the court ruled on the following motions *in limine*: the court granted docket # 163, and the court denied docket #'s 166, 167, and 171. Docket # 163 is Pergo's motion to exclude physical samples of Fiboloc panels. The Alloc Parties discovered the panels on November 8, 2007, eighteen days before trial, and Pergo argued that it did not have an opportunity to conduct any testing of the panel. Because of the potential prejudice to Pergo, the court excluded the physical samples of the Fiboloc product. Docket # 166 is the Alloc Parties' motion to establish the filing date of claims 7-12 of the '970 patent. In the court's view, determining the effective filing date depended upon a factual determination that is properly resolved by the jury: specifically, the similarity between "thermosetting resins" and "UV curing resins." Witness Charles E. Bayha and potentially other witnesses were expected to offer testimony during trial regarding this issue. Therefore, the court denied the Alloc Parties' request to resolve this factual issue. Docket # 167 is the Alloc Parties' motion regarding commercial success. The court denied this motion because Pergo and the Alloc Parties submitted jury instructions that properly instructed the jury regarding the propriety of considering commercial success in deciding the issue of obviousness. Moreover, testimony regarding the commercial success of any flooring product does not require expert testimony; witnesses may offer testimony regarding commercial success if it is within their personal knowledge. Docket # 171 is the Alloc Parties' motion to preclude testimony concerning lost profits. The court denied this motion because the Alloc Parties did not show that the methodology employed by Vincent A. Thomas, Pergo's damages

2

expert, is inherently unreliable. To the extent that the Alloc Parties disputed the accuracy of Thomas's data, they had the opportunity to demonstrate those potential inaccuracies through cross-examination.

On Monday, December 10, 2007, the court resolved the parties' evidentiary objections to exhibits presented at trial: the court received into evidence exhibits 1204, 1294, and 1344, and the court did not receive exhibits 265, 783, 788, 789, and 1426. Exhibit 1204 is a Pergo Accolade insert. The Alloc Parties objected to this exhibit on the basis of authentication and relevance, but the court admitted the exhibit based upon Attorney Nemec's representation that the exhibit was identified by witness David Small and is relevant to Pergo's arguments regarding commercial success and obviousness. Exhibit 1294 is European Patent EP 0 578 603 to Raimo Wuorela. The Alloc Parties objected to this exhibit on the basis of relevance, but the court admitted the exhibit based upon Attorney Nemec's representation that the exhibit is relevant to Pergo's argument concerning whether Mr. Wuorela is one of the inventors of the patents-in-suit. Exhibit 1344 is a demonstrative exhibit listing awards that Pergo has won. The Alloc Parties objected to this exhibit as irrelevant, confusing, and prejudicial. The court determined that the exhibit merely provided background information about Pergo and was neither confusing nor prejudicial.

The court granted the Alloc Parties' motion to exclude Exhibit 265. The Alloc parties argued that Exhibit 265, Traqline data, is inadmissible hearsay, and Pergo contended that the data fell within the hearsay exception found in Fed. R. Civ. P. 803(17). The court granted the Alloc Parties' motion because it did not conclude that

3

the hearsay exception was applicable, and although witness Vincent Thomas used the Traqline data to create his market share analysis, the data is not admissible simply because the expert's opinion is admitted. *See* Fed. R. Civ. P. 703 advisory committee's note to the 2000 Amendments. Pergo moved to exclude Exhibit 783, witness Richard Kaczkowski's test protocol, as inadmissible hearsay. The court granted the motion because the document is hearsay, and the Alloc Parties did not have any witness, including Kaczkowski, identify the document. Pergo moved to exclude Exhibits 788 and 789, expert reports of witness Douglas Limbert, as inadmissible hearsay. Counsel for the Alloc Parties, Attorney O'Connor, conceded that expert reports are often excluded, and the Alloc Parties did not dispute that the reports were inadmissible hearsay evidence. The Alloc Parties moved to exclude Exhibit 1426, an Ikea web page, as inadmissible hearsay. The court granted the Alloc Parties' request to exclude the exhibit because the web page is inadmissible hearsay and also because Pergo did not timely disclose the exhibit to the Alloc Parties as the court required. (*See* Order at 2 ¶ 2, Feb. 27, 2007.)

On December 2, 2007, Pergo filed a motion to exclude sections of Yngve Stenberg's deposition testimony that relate to "snapping web" and United States Patent No. 6,006,486. Pergo argued that the testimony would be irrelevant and confusing. According to the Alloc Parties, Stenberg helped prepare the patent applications for the patents-in-suit and Stenberg acknowledged that he coined the term "snapping web." The Alloc Parties also note that the '486 patent is relevant to determine the validity of the patents-in-suit. The Alloc Parties' arguments persuade

4

the court that Stenberg's testimony is relevant. The court also notes that both Pergo and the Alloc Parties have presented testimony and argument concerning patents other than the patents-in-suit without expressing any concern over juror confusion. For these reasons, the court will deny Pergo's motion.

On November 21, 2007, Pergo filed a motion to seal the declaration of Vincent A. Thomas and certain supporting exhibits. On the same day, the court ordered "the parties to refrain from filing motions to seal unless those motions are adequately supported, both factually and legally." (Order 8, Nov. 21, 2007.) Although Pergo filed a supplemental memorandum in support of its motion in an effort to comply with the court's order, Pergo has not demonstrated good cause for a protective order. (*See* Civil Local Rule 26.4(a).) Pergo's supplemental memorandum merely concludes that the subject documents contain confidential financial information. The court directs the parties' attention to Unilin's December 4, 2007 motion to seal and supporting documentation as an example of an adequately supported and narrowly tailored motion to seal.

As the court staff has already informed the parties, the court may schedule a bench trial on the Alloc Parties' inequitable conduct defense after the parties submit proposed findings of fact and conclusions of law. At the same time that the parties file proposed findings of fact and conclusions of law, the parties shall also submit a memorandum of law demonstrating that a bench trial on inequitable conduct has not been rendered moot by the jury's verdict.

5

The court also recognizes that Pergo has filed three memoranda in support of separate Rule 50(a) motions.[1] Both Pergo and the Alloc Parties filed response and reply briefs during the course of the trial. Following the publication of the jury's verdict on Thursday, December 13, 2007, the court permitted the parties to supplement their filings. The court ordered the parties to supplement their filings within 21 days from receipt of the trial transcript. To provide the parties and the court with a more certain deadline, the court modifies its instruction: the parties must supplement their filings on or before February 7, 2008.

Accordingly,

**IT IS ORDERED** that Pergo's motion to exclude sections of Stenberg deposition testimony (docket # 195) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Pergo's motion to seal (docket # 187) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the parties must supplement their filings on or before **February 7, 2008**.

Dated at Milwaukee, Wisconsin, this 3rd day of January, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[1] Pergo's memoranda are docketed as docket #'s 197, 198, and 202. Pergo did not file any separate written motions.