# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

ALLOC, INC., a Delaware corporation,
BERRY WOOD S.A., a French company,

             Plaintiffs,

    v.

PERGO, INC., a Delaware corporation,
PERGO AB, a Swedish company,

             Defendants.
_____  Case No. 02-C-0736

PERGO, INC., and PERGO (EUROPE) AB,

             Plaintiffs,

    v.

ALLOC, INC., ARMSTRONG WORLD
INDUSTRIES, INC., and BERRY FINANCE NV,

             Defendants.

_____

# ORDER

On September 25-26, 2008, the Court held a bench trial in connection with the claims of inequitable conduct asserted by Alloc Inc., Berry Wood, S.A., and Armstrong World Industries, Inc. (collectively, "the Alloc Parties") against Pergo Inc. and Pergo (Europe) AB (collectively, "Pergo").[1]  The Alloc Parties alleged that Pergo

---

[1]Pergo originally moved to bifurcate the issue of inequitable conduct for a bench trial in a motion *in limine* filed on November 5, 2007.  (Docket #148).  At the pretrial conference held on November 8, 2007, the court granted Pergo's motion.  A jury trial on the issues of infringement, validity and damages was held on November 26, 2007, through December 13, 2007.  (*See* Docket #'s 237-250).

committed inequitable conduct during the prosecution U.S. Patent Nos. 6,397,547 ("the '547 patent") and 6,421,970 ("the '970 patent") by withholding certain information from the U.S. Patent and Trademark Office. The Court has reviewed the parties' submissions on this issue, including memoranda of law (Docket #'s 270, 280, and 284), proposed findings of fact (Docket #'s 271, 281), counterstatements of fact (Docket #'s 282, 285), and proposed conclusions of law (Docket #'s 283, 285), as well as testimony and exhibits introduced at the bench trial. For the reasons set forth in the Court's oral decision delivered on the record on September 26, 2008, the Court finds that the Alloc Parties have presented insufficient evidence that Pergo withheld material information with the specific intent to deceive the U.S. Patent and Trademark Office.

Accordingly,

**IT IS ORDERED** that the Alloc Parties' request for judgment that the '547 patent and the '970 patent are unenforceable is **DENIED**;

**IT IS FURTHER ORDERED** that Pergo's Proposed Findings of Fact, Counterstatement to the Alloc Parties' Proposed Findings of Fact regarding Inequitable Conduct, and Proposed Conclusion of Law on the Issue of Inequitable Conduct (Docket #'s 281, 282 and 283) are hereby **ADOPTED**;

-2-

**IT IS FURTHER ORDERED** that Pergo is **AWARDED** its costs incurred in connection with its defense of the Alloc Parties' claims of inequitable conduct.

Dated at Milwaukee, Wisconsin, this 10th day of October, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge