## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

_____

ALLOC, INC., a Delaware corporation,
BERRY WOOD S.A., a French company,

        Plaintiffs,
  v.

PERGO, INC., a Delaware corporation,
PERGO AB, a Swedish company,

        Defendants.
_____   **Case No. 02-C-0736**

PERGO, INC., and PERGO (EUROPE) AB,   **Consolidated With:**
                                                          **Case No. 03-C-616**

        Plaintiffs,
  v.

ALLOC, INC., ARMSTRONG WORLD
INDUSTRIES, INC. and BERRY FINANCE NV,

        Defendants.
_____

## ORDER

Pergo, Inc. and Pergo AB (collectively, "Pergo") filed a series of post-judgment motions asking this court to set aside a jury verdict and enter judgment as a matter of law for Pergo, pursuant to Federal Rule of Civil Procedure 50(b), or alternatively, that the court order a new trial pursuant to Rule 59. These motions are the latest filings in the protracted litigation between Pergo and Alloc, Inc., Berry Wood S.A., and Armstrong World Industries, Inc. (collectively, "the Alloc Parties"). They also represent Pergo's second round of Rule 50 and Rule 59 post-trial motions requesting relief from the jury's verdict. Many of the issues Pergo presents were

addressed before trial, during trial, as well as post-verdict, and now the court revisits them once again. For the reasons discussed below, the court denies each of Pergo's motions for judgment as a matter of law and/or a new trial.

**I.    BACKGROUND**

Pergo originally filed claims in the United States District Court for the Southern District of New York alleging that flooring products manufactured by the Alloc Parties infringe patents owned by Pergo, U.S. Patent No. 6,397,547 ("the '547 patent") and U.S. Patent No. 6,421,970 ("the '970 patent"). The case was later transferred to the Eastern District of Wisconsin and consolidated with an action filed by the Alloc Parties seeking a declaratory judgment of non-infringement and/or invalidity for the same patents. The case went to a jury trial in November 2007. After a nearly three-week trial, the jury returned a verdict finding that the Alloc Parties did not infringe claims 1 and 32 of the '547 patent or claims 1, 4, 7, 10, 11, and 12 of the '970 patent and that the claims are invalid on multiple grounds.

Following the trial, Pergo filed post-trial motions arguing that the court should set aside the jury's verdict and enter judgment as a matter of law for Pergo, pursuant to Rule 50(b), or, in the alternative, that the court should order a new trial pursuant to Rule 59. In its Rule 50 and Rule 59 motions, Pergo sought judgment as a matter of law and/or a new trial on the following issues: best mode, derivation, effective filing date of the '970 patent, enablement, infringement of the '970 patent, and obviousness. On May 1, 2008, the court entered an order denying each of Pergo's motions. Pergo then filed a motion for a new trial under Rule 60(b). The court

-2-

Case 2:02-cv-00736-JPS    Filed 12/31/08    Page 2 of 11    Document 344

conducted a bench trial on the separate issue of inequitable conduct on September 27 and 28, 2008. Shortly thereafter, the court formally entered judgment on the jury's December 2007 verdict and on the court's September 2008 bench trial decision. The court simultaneously entered an order denying Pergo's Rule 60(b) motion. On October 27, 2008, Pergo filed its second round of Rule 50 and 59 motions for judgment as a matter of law and/or a new trial. In response, the Alloc Parties filed a motion to strike Pergo's motions as untimely and duplicative of those previously filed and denied. Pergo's Rule 50 and Rule 59 motions and the Alloc Parties' motion to strike are now before the court.

## II. STANDARD

The law of the Seventh Circuit governs Pergo's post-judgment motions. *See, e.g, Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1347 (Fed. Cir. 2005). It is well-established that a jury verdict will not be set aside if a reasonable basis exists in the record to support that verdict. *Spesco v. General Elec. Co.*, 719 F.2d 233, 237 (7th Cir. 1983) (citing *Lenard v. Argento*, 699 F.2d 874 (7th Cir. 1983)). To prevail on its Rule 50 motions, Pergo must show that no reasonable jury could have found for the Alloc Parties when viewing the evidence in a light most favorable to the Alloc Parties. *See Denius v. Dunlap*, 330 F.3d 919, 927-28 (7th Cir. 2003). In ruling on a Rule 50(b) motion, a court must not reweigh the evidence nor substitute its own credibility determinations for that of the jury. *Appelbaum v. Milwaukee Metro. Sewerage Dist.*, 340 F.3d 573, 578-79 (7th Cir. 2003) (citing *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150-51 (2002)). Rather, the evidence must

be viewed in a light most favorable to the prevailing party, taking into consideration all of the record evidence and drawing all reasonable inferences in the prevailing party's favor. *Id.*; *Bruso v. United Airlines, Inc.*, 239 F.3d 848, 857 (7th Cir. 2001).

A new trial may be granted under Rule 59(a) where "the verdict is against the weight of the evidence, the damages are excessive, or if for other reasons the trial is not fair to the moving party." *Tapia v. City of Greenwood*, 965 F.2d 336, 338 (7th Cir. 1992); *see also Bankcard Am., Inc. v. Universal Bancard Sys., Inc.*, 203 F.3d 477, 480 (7th Cir. 2000) (stating that a new trial should be granted if the verdict is against the "manifest weight of the evidence" or if a prejudicial error occurred). In determining whether to grant a new trial, "a jury verdict must be accorded great deference." *Foster v. Cont'l Can Corp.*, 783 F.2d 731, 735 (7th Cir. 1986). Indeed, the Seventh Circuit has held that "new trials granted because the verdict is against the weight of the evidence are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." *Latino v. Kaizer*, 58 F.3d 310, 315 (7th Cir. 1995) (citing *Williamson v. Consolidated Rail Corp.*, 926 F.2d 1344, 1353 (3rd Cir. 1991)).

## III. ANALYSIS

Pergo's current motions cover familiar territory. Pergo urges the court to enter judgment as a matter of law, or alternatively, for a new trial, on the issue of infringement of claims 1 and 32 of the '547 patent and claims, 1, 4, 7, 10-12 of the '970 patent. Pergo previously moved for a new trial on the issue of infringement of

-4-

the '970 patent and alleged that several of the jury's findings were against the clear weight of the evidence. Pergo now challenges the jury's findings on infringement by arguing that the following lack a legally sufficient evidentiary basis and are against the clear weight of the evidence: a) the jury's findings concerning the term "tongue"; b) the jury's findings as to the phrase "forcing adjacent panels together"; c) the jury's findings as to tight/penetrate; d) the jury's findings as to "direction or control" over end users; and e) the jury's findings as to whether fiberboard is equivalent to chipboard, particleboard, and bonded wood particles. Pergo also moves for a new trial on the issue of best mode.

### a. Jury Findings Concerning "Tongue," "Penetrate," and "Direction or Control" Over End Users

Pergo's arguments on the jury's findings regarding "tongue," "penetrate," and "direction or control" overlap with arguments made in its first round of post-trial motions. Therefore, the court incorporates its reasoning from the May 1, 2008 order determining that a sufficient evidentiary basis exists for the jury's findings regarding the term "tongue," the jury's findings regarding "penetrate," and the jury's findings on "end user/direction."[1] The court previously concluded that a new trial was not warranted on the issue of infringement of the '970 patent because the jury's findings were not against the weight of the evidence. The court similarly concludes that a new trial is not warranted on the issue of infringement of the '547 patent. Further, the court's initial reasoning can also be used to determine that judgment as a matter

---

[1] The court's reasoning appears on pages 16-20 of the May 1, 2008 order (Docket #287) denying Pergo's initial Rule 50 and Rule 59 motions.

-5-

Case 2:02-cv-00736-JPS   Filed 12/31/08   Page 5 of 11   Document 344

of law is similarly unwarranted. Therefore, the court will not set aside the jury verdict on these issues because a reasonable basis to support that verdict exists in the record. *See Spesco,* at 237.

**b.     Jury Findings Concerning "Forcing Adjacent Panels Together"**

Pergo alleges that the jury's findings regarding the phrase "forcing adjacent panels together" in answering Question 3H of the special verdict form had no legally sufficient evidentiary basis and were against the weight of the evidence. Specifically, Pergo argues that the jury had no sufficient evidentiary basis to conclude that the accused products do not have joints that force adjacent panels together because Mr. Kaczkowski, Pergo's independent expert, gave unrebutted testimony showing that the locking elements of the accused products force adjacent panels together, even if there is a small gap or play within the joint.

However, Dr. Limbert, a witness provided by the Alloc Parties, gave conflicting testimony. Dr. Limbert testified that the adjacent panels have a small gap, meaning that the panels are not "together" at all. (Tr. 1355:19-1356:22). Thereby, they do not have a "snapping web and snapping groove forcing adjacent panels together" after assembly. The jury could have relied upon Dr. Limbert's testimony in making its determination. After drawing all inferences in the Alloc Parties' favor, and viewing the evidence presented at trial as a whole and in a light most favorable to the Alloc Parties, the court is unable to conclude that no reasonable jury could have found for the Alloc Parties on the issue. Similarly, the court is unable to conclude based on the record that the jury's finding on the "forcing adjacent panels together" inquiry

-6-

resulted in a "miscarriage of justice" or a verdict that "cries out to be overturned or shocks our conscience." *Latino*, 58 F.3d at 315.

   **c.   Jury Findings Regarding Fiberboard**

Pergo also alleges that the jury's finding regarding whether fiberboard is equivalent to chipboard, particleboard, and bonded wood particles ("other particle products") under the doctrine of equivalents in answering Question 3A of the special verdict form lacks a legally sufficient evidentiary basis and is against the weight of the evidence. In support of its argument, Pergo asserts that only Mr. Kaczkowski, its independent technical expert, actually performed an equivalence analysis to determine whether fiberboard is interchangeable with the other materials. However, the court finds this argument unconvincing for several reasons.

First, the Alloc Parties presented evidence that the products are not equivalent, which the jury could reasonably credit. Dr. Limbert testified that fiberboard is stronger than the other particle products (Tr. 1463:23-1464:17), and that the other particle products have nearly double the linear expansion when exposed to moisture, an important factor in the case. (Tr. 561:8-11; 554:1-18, 1346:12-1347:1). Further, various witnesses testified that they had never seen a commercially locking laminate flooring product made out of particleboard, though the material is 20-25% cheaper than fiberboard. (Tr. 812:1-3; 970:25-971:3; 1467:14-19; 1606: 18-25; 811:22-25; 969:22-25). In addition, the jury received samples of fiberboard and other particle products so they could view and compare the materials. (Tr. 971:5-973:7). Finally, the jury was entitled to disregard Mr. Kaczkowski's

-7-

testimony regarding equivalence if they did not believe such testimony. Based on the aforementioned, the court is unable to conclude that a reasonable jury could not have found for the Alloc Parties on this issue or that the jury's finding resulted in a "miscarriage of justice" or a verdict that "shocks" the conscience. *Latino*, 58 F.3d at 315.

### d. Best Mode

Pergo also requests that the court order a new trial on the issue of best mode as it relates to claims 1 and 4 of the '970 patent. Pursuant to 35 U.S.C. § 112, a patentee is obliged to disclose his or her preferred embodiment or "best mode" if the patentee had one at the time of filing the patent application. *AllVoice Computing PLC v. Nuance Communications, Inc.*, 504 F.3d 1236, 1246-47 (Fed. Cir. 2007); 35 U.S.C. § 112. Pergo previously moved for judgment as a matter of law on the issue of best mode and the court denied the motion. Pergo incorporates the arguments it made in support of its earlier motion and introduces two new arguments.

First, Pergo argues that the jury's finding is against the clear weight of the evidence because the Alloc parties failed to provide evidence that the inventor believed that Celleten was the best mode for practicing his invention *at the time the patent application was filed*. Pergo cites the November 6, 2000 date of the continuation-in-part application as the date at issue for this argument. Second, Pergo argues that the only evidence in the record shows that Celleten is the same as "TPW," a material allegedly disclosed in the '970 patent.

-8-

However, the relevant date for determining best mode is the date of Pergo's initial filing. *See Bayer AG & Bayer Corp. v. Schein Pharms., Inc.*, 301 F.3d 1306, 1314 (Fed. Cir. 2002) (The best mode requirement...requires an inventor to disclose the best mode contemplated by him, as of the time he executes the application, of carrying out the invention."). In addition, Goran Mårtensson testified that Celleten was the best mode at the time he developed the alleged invention. He testified as follows:

> Q: So when you were working on developing your snap system in 1994 and 1995, you thought the best way to make it was to use this material sold by Celleten?
> A: It was one way to make a stronger joint. Because at Pergo they said that they wanted a joint strong as if it was glued.
> Q: Was the best way to do that to use Celleten?
> A: I don't know if it was the best way, but it was one way to make it a better strength. This one is incredibly strong.
> Q: Do you think it was the best way yourself, your own opinion?
> A: **At that time**, for what I knew about things then, **it was the best**.

(emphasis added) (Tr. 1031:22-1032:10). Therefore, evidence existed in the record to support the jury's findings that Celleten was the best mode of practicing the invention at the time the patent application was filed.

Finally, Pergo asserts that, contrary to the jury's finding in special verdict Question 4A, it adequately disclosed Celleten as the best mode for the '970 patent because the patent discloses the use of "thermoplastic" core materials. Pergo argues that the only evidence in the record regarding "thermoplastic" core materials indicates that wood impregnated with thermoplastic, or "TPW," was the "same thing" as Celleten. Therefore, Pergo argues, the jury's finding that claims 1 and 4 of the

-9-

'970 patent are invalid for failing to set forth the best mode by not disclosing "Celleten" is against the clear weight of the evidence.

However, there is testimony in the record stating that thermoplastic wood ("TPW") is *not* the same as Celleten. Per Olof Hegg, the previous Research and Development Director for Pergo, stated as follows:

> Q: You said that thermoplastic wood is the same as Celleten?
> A: I don't say that. I say it's not the same, but it's a similar product. It's not the same, it's not the same, but it's a plastic material in wood.

(Tr. 1575:17-21). Therefore, testimony exists in the record which supports a jury finding that Pergo failed to disclose the best mode of using Celleten. This finding is not against the weight of the evidence and the court will defer to the jury verdict. The jury's verdict does not constitute a miscarriage of justice, nor does it shock the court's conscience. Thus, a new trial is not warranted. *See Latino*, 58 F.3d at 315.

## IV. CONCLUSION

Based on the foregoing, the court will deny Pergo's motions for judgment as a matter of law, or alternatively, for a new trial on the issues of infringement of Claims 1 and 32 of the '547 Patent and Claims 1, 4, 7, 10, 11, and 12 of the '970 Patent. The court will similarly deny Pergo's motion for a new trial on the issue of best mode.

Accordingly,

**IT IS ORDERED** that Pergo's motion for judgment as a matter of law under Rule 50(b), or in the alternative, for a new trial under Rule 59 on the issue of infringement of Claims 1 and 32 of the '547 patent (Docket #309) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Pergo's motion for judgment as a matter of law under Rule 50(b), or in the alternative, for a new trial under Rule 59 on the issue of infringement of Claims 1, 4, 7, 10, 11, and 12 of the '970 patent (Docket #310) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Pergo's motion for a new trial under Rule 59 on the issue of best mode (Docket #311) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Alloc Parties' motion to strike Pergo's Motions under Rules 50 and 59 (Docket #314) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 31st day of December, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge