UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

ALLOC, INC., a Delaware corporation,
BERRY WOOD S.A., a French company,

        Plaintiffs,
  v.

PERGO, INC., a Delaware corporation,
PERGO AB, a Swedish company,

        Defendants.
_____ **Case No. 02-C-736**

PERGO, INC., and PERGO (EUROPE) AB,   **Consolidated with:**
                                                              **Case No. 03-C-616**

        Plaintiffs,
  v.

ALLOC, INC., ARMSTRONG WORLD
INDUSTRIES, INC. and BERRY FINANCE NV,

        Defendants.
_____

# ORDER

This matter comes before the court on a motion for attorneys' fees, which represents the culmination of lengthy patent litigation initiated in 2002. Alloc, Inc., Berry Wood S.A., and Armstrong World Industries, Inc. (collectively, "the Alloc Parties") seek an award of attorneys' fees pursuant to 35 U.S.C. § 285. The Alloc Parties assert that they are the "prevailing party" in the underlying patent infringement action filed against them by Pergo, Inc. and Pergo AB (collectively, "Pergo"). The Alloc Parties ask the court to determine that the case is "exceptional,"

entitling them to attorneys' fees under the statute. For the reasons set forth below, the court is obliged to deny the Alloc Parties' request for an award of attorneys' fees.

## BACKGROUND

Pergo filed suit in 2002 alleging that flooring products manufactured by the Alloc Parties infringed two patents owned by Pergo, U.S. Patent No. 6,397,547 ("the '547 patent") and U.S. Patent No. 6,421,970 ("the '970 patent"). The case proceeded to a three-week jury trial in November 2007. The jury returned a verdict finding that the Alloc Parties did not infringe claims 1 and 32 of the '547 patent or claims 1, 4, 7, 10, 11, and 12 of the '970 patent. The jury also determined that the claims were invalid on multiple grounds. In September 2008, the court conducted a bench trial on the Alloc Parties' claim that Pergo's patents were unenforceable for inequitable conduct during the prosecution of the patents-in-suit. The court found that Pergo did not engage in inequitable conduct involving the '547 and '970 patents. Following the bench trial, the court entered judgment on the December 2007 jury trial verdict and the September 2008 bench trial decision. The Alloc Parties then filed a motion for attorneys' fees. The motion is now before the court.

## ANALYSIS

The Alloc Parties assert that they are entitled to attorneys' fees under 35 U.S.C. § 285 because Pergo engaged in frivolous and vexatious litigation, rendering their case "exceptional" under the statute. In response, Pergo argues that an unfavorable jury verdict does not establish that its claims were baseless or frivolous. Pergo also argues that the Alloc Parties' motion for attorneys' fees violates Federal

Rule of Civil Procedure 54 because the motion fails to name an amount of fees the parties seek. Thus, the court will address the preliminary issue of an alleged Rule 54 violation before determining whether the case warrants a grant of attorneys' fees.

**I.      Rule 54 Estimate of Attorneys' Fees**

Federal Rule of Civil Procedure 54 requires a party moving for attorneys' fees to: 1) file its motion no later than 14 days after the entry of judgment; 2) specify the statute which entitles it to an award of fees; and 3) state the amount it seeks in fees, or a fair estimate of such. Fed. R. Civ. P. 54(d)(2)(B). Pergo urges this court to deny the Alloc Parties' motion because the parties failed to include the "amount sought or provide a fair estimate of it" in the original motion for attorneys' fees. *Id.* In response, the Alloc Parties assert that the court should not deny a motion for attorneys' fees under § 285 based on a failure to cite a particular figure but, rather, should set a briefing schedule to determine such fees, pursuant to typical court practice. Alternatively, the Alloc Parties provide an approximation of fees totaling $4.25 million in their reply brief. The Alloc Parties provided this figure more than 50 days after entry of the original judgment in the case, well outside the 14-day deadline imposed by Rule 54. However, the Alloc Parties assert that the fee estimate is timely because they filed their reply brief within 14 days of this court's entry of a second amended judgment.

The court will accept the Alloc Parties' approximation of attorneys' fees as fulfilling the requirements of Rule 54. Even if the figure was untimely, an issue which the court need not resolve here, Rule 54 provides courts with the discretion to extend

the time for filing. The rule states in relevant part: "Unless a statute *or a court order provides otherwise*, the motion must be filed no later than 14 days after entry of judgment." Fed. R. Civ. P. 54(d)(2)(B) (emphasis added). Thus, the court extends the time for filing an estimate of attorneys' fees until the filing date of the Alloc Parties' reply brief. As a result, the Alloc Parties' motion for attorneys' fees meets the requirements of Rule 54 and the court will consider it.

## II.     Attorneys' Fees Evaluation

Parties in the United States traditionally bear their own litigation costs, a practice known as the "American Rule." *Gautreaux v. Chicago Hous. Auth.*, 491 F.3d 649, 655 (7th Cir. 2007). Courts will only order one party to pay another party's attorneys' fees if express statutory authorization exists for such an order of fees. *Gaffney v. Riverboat Servs.*, 451 F.3d 424, 466 (7th Cir. 2006). Federal statute 35 U.S.C. § 285 provides for an award of attorneys' fees in patent litigation under particular circumstances. The statute states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."

In determining whether to award attorneys' fees under § 285, a court follows a two-step analysis resolving: 1) whether the case is exceptional; and 2) if it is, whether an award of attorneys' fees is appropriate. *Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1370 (Fed. Cir. 2004). An "exceptional case" may arise from conduct such as willful infringement, inequitable conduct, misconduct during litigation, vexatious or unjustified litigation or the filing of a frivolous suit. *McNeill-PPC, Inc. v. Perrigo Co.*, 337 F.3d 1362, 1371 (Fed. Cir. 2003).

Cases in which an accused patent infringer ultimately prevails do not automatically constitute "exceptional" cases. Instead, "exceptional" cases are typically those involving "bad faith litigation or those involving fraud or inequitable conduct by the patentee in procuring the patent." *McNeill-PPC, Inc.*, 337 F.3d at 1371-72. (quoting *Cambridge Prods. Ltd. v. Penn Nutrients Inc.*, 962 F.2d 1048, 1050-51 (Fed. Cir. 1992)). Though a district court has the discretion to award attorneys' fees, these fees should not be routinely assessed against the losing party because a party should not be penalized for merely prosecuting a lawsuit. *Id.* at 1372.

The Alloc Parties first assert that their case is exceptional and warrants an award of attorneys' fees because Pergo's case was frivolous and Pergo knew or should have known its suit was frivolous. The Alloc Parties base this argument on "how many different ways Pergo lost, any one of which was sufficient to cut off the relief Pergo sought." (Alloc Pet. Attys.' Fees, p. 7). The Alloc Parties further assert that the case is exceptional because Pergo employed a strategy of vexatious litigation.

This court disagrees. The instant case is not "exceptional" because Pergo did not engage in bad faith litigation, fraud, inequitable conduct, or vexatious litigation. The court will address the Alloc Parties arguments to the contrary below.

   a.   **Baseless or Frivolous Claims**

The Alloc Parties argue that Pergo knew, or should have known, that its claims were frivolous and baseless because of the jury's verdict. They reason that

"Pergo could not possibly have achieved such a resounding defeat without knowing that its case had no merit in the first place." (Alloc Pet. Attys.' Fees, p. 8). However, the parties wrongly assume that a plaintiff's loss at trial establishes that the underlying claim was frivolous. Instead, a trial loss indicates only that the plaintiff failed to convince the jury of his claim by a preponderance of the evidence. The Alloc Parties create a false dichotomy between "winning claims" and "frivolous claims." On the contrary, a meritorious claim can fail at trial, making it neither "winning" nor "frivolous."

Further, the Alloc Parties wrongly assume that a party's trial loss means he knew or should have known the claim was frivolous. The Alloc Parties' suggest that if a jury rejects a claim, then the party asserting the claim should have come to the same conclusion prior to trial and dropped the claim. This assumes that: a) the claim was inherently meritless; b) that the jury can only come to one conclusion on any given claim; and c) that a party can account for the jury's interpretation of evidence and divine the resulting verdict. However, as previously stated, a "meritorious claim" is not synonymous with a "prevailing claim." In addition, a case capable of only one outcome should never reach a jury. Finally, parties and lawyers are not prognosticators who can consistently anticipate trial outcomes. Therefore, Pergo's claims are not rendered frivolous or baseless based solely on an adverse jury verdict.

Moreover, this court determined that Pergo's claims had merit. The court deemed Pergo's infringement claims meritorious by denying judgment as a matter

of law to the Alloc Parties. During the course of litigation, the court denied the Alloc Parties' motion for partial summary judgment of non-infringement of the '547 patent, denied their motion for summary judgment of non-infringement and partial invalidity, and denied their motion for summary judgment of inequitable conduct. Thus, the court determined that a genuine issue of material fact existed and the Alloc Parties were not entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). The court's denial of summary judgment means that Pergo's infringement claims were neither frivolous nor baseless. *See Sulzer Textil A.G.*, 358 F.3d at 1370 (affirming district court's finding that patent infringement suit was not "exceptional" because the claim survived summary judgment, which showed that the claim was supported by evidence and was not baseless).

Further, the court declined to render judgment on the Alloc Parties' evidence at trial, instead submitting Pergo's claims to the jury. Thus, the court determined that a legally sufficient evidentiary basis existed for a potential jury finding in Pergo's favor. *See* Fed. R. Civ. P. 50(a). The court also affirmed the merit of Pergo's infringement claims in the court's order denying Pergo's motion for a new trial. The court found that Pergo failed to meet the third prong of the three-part test for a new trial under Rule 60(b)(3). However, in the court's analysis, it determined that Pergo fulfilled the first prong, maintaining a meritorious claim at trial.

### b. Vexatious Litigation

The Alloc Parties' also argue that its case is "exceptional" under § 285 because Pergo employed a strategy of vexatious litigation. The parties first point to

Pergo's initiation of a patent infringement action against the Alloc Parties for use of their own.  The Alloc Parties further rely on Pergo's continued pursuit of its claims, even after the court's claim construction made Pergo's claims "untenable," as proof that Pergo unnecessarily multiplied the proceedings.  However, this court disagrees that Pergo's actions constitute vexatious litigation.

As noted above, the court found that Pergo's claims were meritorious when it declined to enter judgment as a matter of law on any of the the Alloc Parties' motions.  Thus, the court concluded that Pergo's claims were not "untenable" as the Alloc Parties allege.  Further, an adverse jury finding on Pergo's patent infringement claims does not render the claims baseless or frivolous – regardless of who "invented" the product at issue.

Additionally, the case the Alloc Parties relied upon is distinguishable.  The Alloc Parties cite *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547 (Fed. Cir. 1989), for the proposition that a strategy of vexatious litigation makes a case "exceptional" under § 285.  In *Beckman*, the court affirmed an award of attorneys' fees based on the losing party's "*strategy* of vexatious activity." *Id.* at 1552. (emphasis in original).  However, the court largely based its conclusion on the defendant's deliberate and repeated violation of the court's permanent injunction. *Id.* The injunction prohibited the defendant from future infringement and ordered it to deliver the infringing products into the plaintiffs' possession for destruction. *Id.* at 1549.  Instead of complying with the ordered destruction, the defendant shipped a "great many" of the products to its business in Finland. *Id.*  In contrast, Pergo did not

-8-

violate any specific court order; nor did it exhibit any other equivalent behavior evidencing a strategy of vexatious litigation. Therefore, the instant case does not require a similar award of attorneys' fees.

## CONCLUSION

Pergo's actions in litigating the instant case do not render it an "exceptional" case under § 285. As a result, the court finds that an award of attorneys' fees is not warranted or otherwise appropriate.

Accordingly,

**IT IS ORDERED** that the Alloc Parties' motion for attorneys' fees (Docket #304) be and the same is hereby **DENIED**; each party shall bear its own attorneys' fees.

Dated at Milwaukee, Wisconsin, this 17th day of April, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge